UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 11-48549 |
| | ) | |
| THE MAKENA GREAT AMERICAN ANZA COMPANY, LLC | ) ) | Chapter: 11 |
| | ) | Honorable Jacqueline Cox |
| | ) | |
| Debtor(s) | ) ) | |

**INTERIM ORDER AND STIPULATION (I) AUTHORIZING USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION AND (III) APPROVING THE FORM AND METHOD OF NOTICE OF, AND SCHEDULING, FINAL HEARING ON USE OF CASH COLLATERAL**

This cause coming to be heard on the agreement of The Makena Great American Anza Company, LLC, a California limited liability company, debtor and debtor in-possession in the above-captioned case (the "Debtor") and Wells Fargo Bank, N.A. (the "Lender"), for entry of an order authorizing the use of cash collateral on an interim basis, granting adequate protection, and approving the form and method of notice and scheduling of a final hearing on the use of cash collateral (the "Motion"), due notice having been given, and the Court being fully advised on the premises:

IT IS HEREBY ORDERED:

1. The Motion is granted, on an interim basis, limited to the terms and conditions set forth in this Interim Order.

2. This Court has jurisdiction of this chapter 11 case and the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

3. Subject to the terms and conditions of this Interim Order, the Debtor is authorized to use cash collateral and shall pay certain critical expenses pursuant to the Budget attached hereto and incorporated herein as Exhibit A (the "Budget") for the period (the "Interim Period") that is through and includes the earlier of (a) January 11, 2011 or (b) the occurrence of any default under this Interim Order (the "Expiration Date"); ; provided, however, that in addition to the items listed in the Budget, the Debtor and the Receiver are authorized to pay a $4,000 start-up management fee to Storage Etc. Property Management, LLC pursuant to Section 6.1 of the Property Management Agreement.

4. The Budget reflects, on a line-item basis, anticipated expenditures on a weekly basis, and the Debtor represents that the Budget includes all reasonable, necessary, and foreseeable expenses to be incurred in the ordinary course of business in connection with the operation of its business for the period set forth in the Budget. In no event shall the Debtor use any cash collateral to pay any items except as set forth in the Budget or as may be consented to in writing by the Lender.

5. The Lender is not required to advance to the Debtor any amounts that may be available for lending under its prepetition loan agreements with the Debtor. So long as no defaults exist under this Interim Order, the Lender shall consent to the use by the Debtor of such amounts of cash collateral as are

deposited in the Debtor's accounts and authorized for use by the Debtor pursuant to the Budget and the terms and conditions of this Interim Order.

6. The Debtor is authorized to provide adequate protection, pursuant to sections 363(c)(2)(A) and 363(e) of the Bankruptcy Code, to the Lender pursuant to the terms and conditions set forth in this Interim Order.

7. The Lender is hereby granted, as adequate protection for any diminution during the Interim Period in the value of its prepetition collateral, and the proceeds thereof, and cash collateral, and the proceeds thereof, a valid, perfected and enforceable first-priority security interest (the "Replacement Liens") in and upon all of the categories and types of collateral in which it held a security interest and lien as of the Petition Date (the "Prepetition Collateral"), including, without limitation, cash collateral, and the proceeds thereof, which Replacement Liens shall be in addition to the security interests of the Lender in the Prepetition Collateral, and the proceeds thereof, and cash collateral, and the proceeds thereof, in the same order of priority as such security interests existed on the Petition Date (collectively, all of the collateral described in this paragraph, the "Collateral").

8. The Replacement Liens granted by this Interim Order: (i) are in addition to all security interests, liens and rights of set-off of the Lender existing on the Petition Date; and (ii) are valid, perfected, enforceable and effective as of the date of the entry of this Interim Order without any further action by the Debtor or the Lender and without the necessity of the execution, filing or recordation of any financing statements, security agreements, vehicle lien applications, filings with the United States Patent and Trademark Office, mortgages or other documents.

9. In addition to the Replacement Liens granted to the Lender pursuant to this Interim Order, the Lender is hereby granted a superpriority administrative claim under Section 507(b) of the Bankruptcy Code (the "507(b) Claim") in the full amount allowable under Section 507(b) of the Bankruptcy Code.

10. Notwithstanding anything to the contrary, the Replacement Liens and 507(b) Claim granted to the Lender pursuant to this Order shall be subject and subordinate to the amounts payable to the United States Trustee pursuant to 28 U.S.C. § 1930(a). No other carve outs are agreed to or approved at this time.

11. The Lender and the Debtor may make non-material modifications or amendments to the Budget or this Interim Order, to take effect only upon written notice approved by both parties without further order of this Court, and all actions taken pursuant to such modified Budget shall be and hereby are expressly authorized hereunder. The Lender may consent in writing to extend the Expiration Date without a further hearing or order of this Court. If the Lender determines to do so, written notification of such extension shall be provided to all parties in interest.

12. A final hearing (the "Final Hearing") to consider entry of a final Cash Collateral Order authorizing on a final basis, inter alia, the use of Lender's Cash Collateral and the grant of adequate protection be, and it hereby is, set for January 11, 2012 at 10:00 a.m.

13. Debtor is directed to send notice of the Final Hearing to all creditors and parties in interest on or before Monday, December 19, 2011. Interim Order, including, without limitation, the Adequate Protection Payments listed in the Budget.

Enter: *Jacqueline P. Cox*

Honorable Jacqueline Cox
United States Bankruptcy Judge

Dated: **DEC 15 2011**

**Prepared by:**

Gordon E. Gouveia (#6282986)
Shaw Gussis Fishman Glantz Wolfson & Towbin, LLC
321 N. Clark St., Ste. 800
Chicago, IL 60654

Rev: 201100318_bko

Makena Great American Age 44
Revenue Expenses

| | Week of Dec 11, 11 | Week of Dec 18, 11 | Week of Dec 25, 11 | Week of Jan 1, 12 | Week of Jan 8, 12 |
|---|---:|---:|---:|---:|---:|
| **Revenue** | | | | | |
| Rent/Storage | 7,785.24 | 2,596.43 | 9,746.27 | 32,266.79 | 7,824.17 |
| Rent/Retail | 0.00 | 0.00 | 0.00 | 11,505.95 | 0.00 |
| **Total Revenue** | 7,785.24 | 2,596.43 | 9,746.27 | 43,772.74 | 7,824.17 |
| **Expense** | | | | | |
| **Employment Expenses** | | | | | |
| Payroll Expenses | 55.00 | 0.00 | 55.00 | 0.00 | 55.00 |
| Managers Salary | 1,459.00 | 0.00 | 1,459.00 | 0.00 | 1,459.00 |
| Assistant Mgr Salary | 1,200.00 | 0.00 | 1,200.00 | 0.00 | 1,200.00 |
| Payroll Expense - FICA | 210.00 | 0.00 | 210.00 | 0.00 | 210.00 |
| Payroll Exp - FUTA/SUI | 43.00 | 0.00 | 43.00 | 0.00 | 43.00 |
| Workers Compensation | 0.00 | 0.00 | 0.00 | 1,048.00 | 0.00 |
| **Total Employment Expenses** | 2,967.00 | 0.00 | 2,967.00 | 1,048.00 | 2,967.00 |
| **Bank Service Charges** | | | | | |
| Bank Service Charges | 0.00 | 0.00 | 140.00 | 0.00 | 0.00 |
| **Total Bank Service Charges** | 0.00 | 0.00 | 140.00 | 0.00 | 0.00 |
| **Maintenance & Repairs** | | | | | |
| Pest Control | 152.00 | 0.00 | 0.00 | 0.00 | 152.00 |
| Fire Alarms | 0.00 | 0.00 | 0.00 | 150.00 | 0.00 |
| Landscape | 0.00 | 0.00 | 660.00 | 0.00 | 0.00 |
| Elevator Maintenance | 0.00 | 1,000.00 | 0.00 | 0.00 | 0.00 |
| **Total Maintenance & Repairs** | 152.00 | 1,000.00 | 660.00 | 150.00 | 152.00 |
| **Marketing** | | | | | |
| Internet | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Yellowbook | 0.00 | 0.00 | 0.00 | 170.00 | 0.00 |
| Yellow Pages | 0.00 | 0.00 | 0.00 | 2,130.00 | 0.00 |
| **Total Marketing** | 0.00 | 0.00 | 0.00 | 2,300.00 | 0.00 |
| **Merchant Account fees** | | | | | |
| Merchant Card Expense | 0.00 | 0.00 | 1,200.00 | 0.00 | 0.00 |
| **Total Merchant Account fees** | 0.00 | 0.00 | 1,200.00 | 0.00 | 0.00 |
| **Office Expense** | | | | | |
| Call Center Support | 50.00 | 0.00 | 0.00 | 0.00 | 50.00 |
| Office Supplies Expense | 175.00 | 0.00 | 0.00 | 0.00 | 175.00 |
| Telephone / Fax /Internet | 0.00 | 0.00 | 0.00 | 510.00 | 0.00 |
| Bottled water | 0.00 | 0.00 | 35.00 | 0.00 | 0.00 |
| Auction Expense | 0.00 | 0.00 | 117.00 | 0.00 | 0.00 |
| **Total 6800 · Office Expense** | 225.00 | 0.00 | 152.00 | 510.00 | 225.00 |
| **Professional Fees** | | | | | |
| Software Support Maintenance | 0.00 | 0.00 | 0.00 | 200.00 | 0.00 |
| Legal | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Management Fees | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Professional Fees** | 0.00 | 0.00 | 0.00 | 200.00 | 0.00 |
| **Taxes - Insurance - Interest** | | | | | |
| Property Taxes | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Site Insurance | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mortgage Interest | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Taxes - Insurance - Interest** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Utilities** | | | | | |
| Adequate Assurance Deposits | 0.00 | 0.00 | 0.00 | 0.00 | 3,061.28 |
| Electricity & Gas | 0.00 | 0.00 | 2,144.20 | 0.00 | 0.00 |
| Trash Removal | 0.00 | 0.00 | 390.72 | 0.00 | 0.00 |
| Water & Sewer | 0.00 | 774.16 | 0.00 | 0.00 | 0.00 |
| **Total Utilities** | 0.00 | 774.16 | 2,534.92 | 0.00 | 3,061.28 |
| **Total Expense** | 3,344.00 | 1,774.16 | 7,653.92 | 4,208.00 | 6,405.28 |
| **Net Profit** | 4,441.24 | 822.27 | 2,092.35 | 39,564.74 | 1,418.89 |

EXHIBIT A